**BRISTOL–MYERS COMPANY, Plaintiff,**
v.
**R. H. MACY & CO., Inc., Defendant.**

United States District Court
S. D. New York.
April 16, 1957.

THOMAS F. MURPHY, District Judge.

This is an application for injunction *pendente lite* in a suit for trademark infringement and unfair competition relating to plaintiff's product called "Bufferin" and defendant's product called "Buffered Aspirin."

No claim is made that defendant had no right to produce and sell a buffered aspirin product nor does plaintiff claim any violation by defendant in designating its product "Buffered Aspirin." The suit primarily concerns itself with activities constituting deception and misrepresentation.

Plaintiff manufactures an antacid analgesic which it sells under a trademark, "Bufferin", registered since 1952. It has been widely used and extensively advertised by plaintiff since 1948. Defendant sells a competing product which it calls "Buffered Aspirin" and started to do so only recently, i. e., July 1955.

 The uncontroverted proof both in the form of affidavits of shoppers and the actual recordings of their voices and the voices of defendant's clerks prove beyond any doubt the allegations of fraud and deception complained of. Specifically, defendant has on numerous occasions falsely represented that its product was "Bufferin"; that it contains "Bufferin"; that it is exactly the

**514**

same thing as "Bufferin"; that it is made according to the same formula as "Bufferin"; that it contains the same ingredients as "Bufferin" and that it is made by the maker of "Bufferin."

In addition it has used the name "Bufferin" in the sense of a common descriptive or generic term and has attempted to pass off or substitute, without expressly calling attention to such substitution, its product in place of plaintiff's product "Bufferin" when a customer asked for "Bufferin", and by advertising and promoting and offering for sale its product it has employed the name "Bufferin" unfairly and deceptively.

We find, also, that defendant's foistering off by substitution of its own product upon customers who have specifically asked for "Bufferin" constitutes an infringement of plaintiff's trademark and such conduct amounts to unfair competition. Defendant is also guilty of diluting the distinctive quality of plaintiff's trademark "Bufferin" by tending to render it generic and descriptive.

Motion for temporary injunction is granted.

Settle order and submit bond in the sum of $20,000.